**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 19-060** |
| **v.** | * | **SECTION: A** |
| **IMAD FAIEZ HAMDAN** **ZIAD ODEH MOUSA** | * | |

\* \* \*

## UNITED STATES' OPPOSITION TO DEFENDANTS HAMDAN AND MOUSA'S MOTION TO DISMISS COUNTS 2 THROUGH 72 (Rec. Doc. 60)

The United States opposes the Defendants' Motion to Dismiss Counts 2 through 72 of the Superseding Indictment and requests that the Court deny their motion. This is not a civil action for refund of federal income taxes; it is a criminal prosecution. The United States has not waived its sovereign immunity and consented to claims for refund in criminal proceedings such as this, and neither equity nor the Defendants' notions of fairness provide an exception to the rule that only Congress has the power to permit suits against the sovereign. *See United States v. Dalm*, 494 U.S. 596, 608-10 (1990) ("If any principle is central to our understanding of sovereign immunity, it is that the power to consent to such suits is reserved to Congress.").

If Defendant Hamdan believes he overpaid his personal federal income taxes, he should have filed a timely claim for refund with the Internal Revenue Service ("IRS"). Without it, the IRS has no authority to make a refund–assuming against evidence that one would be due–and the courts do not have jurisdiction to hear a civil action for refund, much less a claim for refund in a criminal case. 26 U.S.C. §§ 6511(b)(1), 7422(a). In sum, the Defendants chose to break the law and must accept the consequences of that choice. They cannot now enjoy the benefit that comes with following the law when they did the opposite. *Boulware v. United States*, 552 U.S. 421, 429 n.7 (2008).

**LEGAL ANALYSIS**

The Defendants ask the Court to dismiss all 71 tax counts of the Superseding Indictment under Rule 12(b) of the Federal Rules of Criminal Procedure. Rec. Doc. 60, 1. They do not invoke any specific provision of that rule, but they state that the United States is "factually unable to prove, to a reasonable legal certainty, that defendants had the requisite criminal intent to commit the violations in these counts." *Id*. Their argument appears to be that the tax counts fail to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v); *see United States v. Loeb*, 95 A.F.T.R.2d 2005-1107, *6 (E.D. La. 2005) (construing motion to dismiss premised on claim that defendants lacked "the requisite willfulness" as argument that indictment failed to state offense).

When evaluating whether part or all of an indictment fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011); *see Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n.16 (1952). A defendant may not challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975). An indictment may not be dismissed based on the sufficiency of evidence supporting its allegations. *United States v. Dantin*, 2018 WL 6435890, *2 (E.D. La. Dec. 7, 2018).

It is the jury's function to weigh the evidence. *United States v. Jackson*, 2014 WL 1664901, *2 (E.D. La. April 25, 2014). That is why a pretrial motion to dismiss is appropriate only if it can be granted "without a trial on the merits." Rule 12(b)(3). Indeed, the "propriety of granting a motion to dismiss … by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005). "If a question of law is involved, then consideration of the

motion is generally proper." *Id.* However, evidentiary issues such as whether a defendant acted willfully should not be decided on motion. *United States v. Knox*, 396 U.S. 77, 83 and n.7 (1969); *see Loeb*, 95 A.F.T.R.2d 2005-1107, *8.

## I. The United States Is Not Categorically Precluded from Proving Willfulness

The Defendants argue that "the government cannot establish the requisite criminal intent in any of Counts 2 through 72." Rec. Doc. 60-1, 1, and that "[t]he government's ability to demonstrate the requisite element of 'willfulness' is vitiated by evidence that Mr. Hamdan voluntarily overpaid his income taxes to such an extent that the government actually owes him a substantial refund," *Id*. at 14. Assuming solely for the sake of argument that Defendant Hamdan overpaid his personal income taxes, that his overpayment exceeded all of the underpayments caused by the Defendants' crimes, and that the law allows him to apply the personal overpayment to those underpayments, the United States would not be categorically precluded from proving willfulness.

Defendant Hamdan claims, for instance, that he reported cash payments to the employees of Brothers Food Mart during the years at issue as income on his personal income tax returns. But he does not claim that he declared *all* such cash payments to the IRS, and if he failed to report *any* such payments to the IRS, a jury could reasonably conclude that he wanted to enrich himself with the unpaid taxes on those cash payments and that his failure was voluntary and intentional. *See Cheek v. United States*, 498 U.S. 192, 200 (1991) (willfulness in tax crimes is a "voluntary, intentional violation of a known legal duty"); *United States v. Sertich*, 879 F.3d 558, 565 (5th Cir. 2018) (willfulness in tax crimes requires "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty").

Likewise, the logical implication of the Defendants' argument against willfulness is that when Defendant Hamdan contemporaneously reported the cash payments as income on his personal

3

returns, he subjectively believed that following the law would result in a *lower* tax liability but nonetheless chose the more expensive, illegal route.[1] This argument does not comport with common sense, and a jury could reasonably find it not credible. Indeed, a jury might conclude instead that Defendant Hamdan was an incompetent criminal who wanted to cheat the government but did it poorly. A jury could conclude that his tax return preparers at some point insisted that some cash payments had to be reported to the IRS and Defendant Hamdan acceded in order to keep employing illegal aliens. A jury could even find that the Defendants' argument is merely a *post-hoc* rationalization that makes little sense.

In any case, intent is quintessentially a question for the jury. Consequently, whether the Defendants acted willfully must be determined at trial. *Cf. Knox*, 396 U.S. at 83 ("the question whether Knox's … false statement was not made 'willfully' as required by § 1001, is one that must be determined initially at his trial"); *Loeb*, 95 A.F.T.R.2d 2005-1107, *8 ("the defendants are entitled to argue to a jury as fact finder whether they had the requisite intent to commit the crimes alleged").

**II.     Tax Loss Is Not an Element of Any of the Crimes Charged in the Superseding Indictment**

The Defendants also ask the Court to dismiss all 71 tax counts of the Superseding Indictment because, they argue, application of the personal overpayment to the business underpayment would "also destroy[] essential elements in these charging statutes by establishing that there are no tax losses, and that no taxes are due." Rec. Doc. 60, 2. But, as argued extensively in the United States' Motion in Limine, tax loss is *not* an element of any of the tax crimes charged

---

[1] If Hamdan believed that reporting cash payments as income on his personal return would result in him owing less tax overall–that is, that breaking the law would save him money–that belief would of course support a finding that he was willful.

in the Superseding Indictment. *See* Rec. Doc. 71. Therefore, even if Defendant Hamdan was entitled to offset the business underpayment with a personal overpayment–which, as explained further below, he is not–the Superseding Indictment would not fail to state an offense.

Again, to be found guilty of a conspiracy in violation of 18 U.S.C § 371, the government need only prove: 1) the existence of an agreement by two or more persons to commit an offense against the United States or defraud the United States; 2) the defendant's knowing and voluntary participation in the conspiracy; and 3) the commission of an overt act in furtherance of the conspiracy.  *See* Fifth Circuit Pattern Jury Instruction 2.15A. There is no requirement of any financial loss to the government. *United States v. Burgin*, 621 F.2d 1352, 1357 (5th Cir. 1980) (holding that the absence of pecuniary loss does not signify that the government was not defrauded).

Similarly, tax loss is not an element of 26 U.S.C. § 7202 - the willful failure to withhold, account for, and pay over federal employment taxes. To establish a violation of § 7202, the government must prove: 1) The Defendants had a duty to collect, account for, and pay over a tax; 2) Failure to collect, truthfully account for, or pay over the tax; and 3) Willfulness. Further, government needs to only prove one of these acts - failure to collect, truthfully account for, or pay over the tax - for the Defendants to be found guilty of this charge. *See United States v. Sertich*, 879 F.3d 558, 562-63 (5th Cir. 2018) ("[W]e now agree with every other circuit to have considered this issue and hold that § 7202 is violated if a defendant willfully fails to *either* truthfully account for taxes *or* pay them over."). Thus, regardless of any alleged overpayment of personal income taxes, the failure of the filed Forms 941 to report any of the cash wages paid to employees, or the taxes associated with those wages, violates the statute. *See also, United States v. Pflum*, 150 Fed. Appx. 840, *5 (10th Cir. 2005) ("The jury did not need to find a specific amount of tax loss to convict [the defendant] on any of the [§ 7202] counts.").

Finally, the government does not need to prove a tax loss associated with the Defendants' aiding and assisting the preparation and presentation of a false tax return, in violation of 26 U.S.C. § 7206(2). The elements of this crime are: 1) Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws; 2) The document was false as to a material matter; 3) The act of the defendant was willful. *See United States v. Coveney*, 995 F.2d 578, 588 (5th Cir. 1993).

Consequently, even accepting for the sake of argument that "no taxes are due," that fact would not eliminate any element of any of the crimes charged.

### III.     The Defendant Is Not Entitled to Credit or Offset under Law or Equity

Again, the Defendants argue that Defendant Hamdan is "entitled to a credit or offset against the alleged taxes due or tax losses in the Indictment." Rec. Doc. 60, 1. However, this offset argument has no bearing on whether the tax counts of the Superseding Indictment fail to state an offense. Willfulness is a question for the jury, and the tax loss is not an element of any of the offenses. Accordingly, the United States has not failed to state an offense, and the Defendants' Motion to Dismiss should be denied. However, because the offset argument should not go unanswered, this Memorandum now addresses it.

#### A.   There is an insufficient factual basis for the claims in the Defendants' motion

As an initial matter, the Defendants do not prove the allegations they ask this Court to accept. They argue it is an "unquestioned fact that Mr. Hamdan overpaid his personal income taxes for all pertinent years, over and above the amount of alleged employment and income tax losses under Counts 2 – 72." Rec. Doc. 60, 1. The government does not agree with the amount of overpayment

6

alleged by Defendant Hamdan, nor with the calculation of tax loss attributed to the United States.[2] The Defendants, therefore, ask the Court to dismiss nearly the entire indictment without proving the factual predicates upon which their argument is based. The Court cannot consider evidence outside the indictment and must take the allegations in the indictment as true. *See Mann*, 517 F.2d at 266-677. Thus, the Court should disregard all allegations that Defendant Hamdan overpaid his personal income taxes in excess of all other taxes owed in relation to the Defendants' crimes. Without any factual basis to support their arguments, the Defendants' Motion should be denied in its entirety.

  B. <u>The statute of limitations for Defendant Hamdan to claim a refund has expired</u>

Despite the Defendants' arguments to the contrary, the statute of limitations has expired on Defendant Hamdan's claim for a tax refund. As explained in the United States' Motion in Limine, the law provides that no credit or refund shall be allowed where, as here, the limitations period has expired unless the taxpayer timely filed a claim for refund. 26 U.S.C. § 6511(b); *see also* Treas. Reg. § 301.6402-2(a)(1) and (b). That claim must be filed within three years from the date the return was filed or two years from the date the tax was paid, whichever is later. 26 U.S.C. § 6511(a).

Defendant Hamdan has not made a claim for refund. Instead, the Defendants argue, he filed informal refund claims. Rec. Doc. 60-1, 6-7 and n.5 (citing *PALA, Inc. Employees Profit Sharing Plan & Tr. Agreement v. United States*, 234 F.3d 873, 877 (5th Cir. 2000)). An informal refund claim must put the IRS on notice that the taxpayer believes an erroneous tax has been assessed, describe the tax and year with sufficient particularity to allow the IRS to investigate, and be timely filed. *BNSF Ry. Co. v. United States*, 775 F.3d 743, 757-58 (5th Cir. 2015); *see Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008) ("Requiring compliance with the administrative

---

[2] The September 4, 2018, letter referenced by the Defendants specifically notes that the tax loss calculation in that letter was prepared by the IRS in the investigative stage of the criminal case and that Department of Justice was not bound by their calculations.

exhaustion requirement gives the Government a full opportunity to address the problem administratively."). The Defendants point to a November 2015 meeting between their accountant and the IRS, and refer to subsequent written documents, Rec. Doc. 60-1, 6-7 and n.5, but they do not explain how those documents constitute informal claims. Nor could they, because Defendant Hamdan simply did not request any refund of his personal income taxes. Indeed, the purpose of Defendant Hamdan's communications to the IRS was not to make informal claims for refund, but merely to advance defenses to criminal liability proposed by the IRS.

In any case, the Court need not resolve the issue. Even if Defendant Hamdan had made a timely informal claim, he failed to followed up with a formal claim (as required to toll the period of limitations) in the four years since then.[3] *BNSF*, 775 F.3d at 758 (5th Cir. 2015); *Greene-Thapedi*, 549 F.3d at 533 (holding that district court lacked jurisdiction because informal claim was not perfected by statutorily required formal claim). Accordingly, the statute of limitations has expired on his claim for refund and he cannot be entitled to an offset.

### C. Equity cannot resuscitate the expired statute of limitations

The Defendants also appeal broadly to equity and fairness.

> [T]he jurisprudential grounds of equity, equitable recoupment (*Emery, supra,* and *Ray Braniff, supra*), and fundamental fairness, demand [that Hamdan's alleged overpayment of personal income tax be applied to the underpayments of employment taxes by Brothers Food Mart and the underpayments of income taxes by the company's employees]. There is no defense, shield and bar under 26 U.S.C. 6511, to such offset for failure to file for a refund. Even if a claim for a refund has expired, the equitable principles requiring the offset survive without limitation.

---

[3] Even if he had filed a formal claim, which must be signed under penalties of perjury, it would at most have given a federal district court or the Court of Federal Claims jurisdiction to resolve a refund suit. It would not have given this Court jurisdiction to resolve that civil claim in this criminal case.

Rec. Doc. 60-1, 13. As already discussed, Defendant Hamdan's failure to file a timely claim for refund with the IRS under § 6511 is a bar to refund and offset. As discussed below, equity provides no relief from that bar.

Over 20 years ago, the Supreme Court held that courts cannot equitably toll the Code's statute of limitations for filing claims for refunds.

> Section 6511's detail, its technical language, the iteration of the limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken together, indicate to us that Congress did not intend courts to read other unmentioned, open-ended, "equitable" exceptions into the statute that it wrote. There are no counterindications. Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities.

*United States v. Brockamp*, 519 U.S. 347, 351 (1997). Although Congress amended § 6511 in response to *Brockamp* to suspend the limitations period when a person is financially disabled, *see* 26 U.S.C. § 6511(h), that limited exception does not apply here. Moreover, the Fifth Circuit has repeatedly affirmed that § 6511's general prohibition against equitable tolling survives. *Davis v. United States*, 481 F. App'x 145, 149 (5th Cir. 2012) (*per curiam*); *Doe v. KPMG, LLP*, 398 F.3d 686, 689 (5th Cir. 2005); *PALA, Inc. Employees Profit Sharing Plan & Tr. Agreement v. United States*, 234 F.3d 873, 880 and n.40 (5th Cir. 2000). The statute of limitations for filing a claim for refund, therefore, cannot be equitably tolled.

Equitable recoupment likewise cannot circumvent the bar of an expired statute. Equitable recoupment is a defense that allows, under certain circumstances, adjustments to tax in open years (*i.e.*, years where the statute of limitations is open) because of items in years where the statute of limitations is closed. However, as the Supreme Court made clear, equitable recoupment is not an independent grounds for jurisdiction, and it must be raised in a timely filed civil action.

> In sum, our decisions in *Bull* and *Stone* stand only for the proposition that a party litigating a tax claim in a *timely* proceeding may, in that

9

> proceeding, seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction. In both cases, there was no question but that the courts in which the refund actions were brought had jurisdiction. To date, *we have not allowed equitable recoupment to be the sole basis for jurisdiction*.

*Dalm*, 494 U.S. at 608 (emphasis added). Because the statute of limitations for Defendant Hamdan to file a claim for refund for his personal income taxes expired, equitable recoupment does not apply.

Moreover, even if this criminal prosecution were a timely filed civil action, equitable recoupment would not apply for other reasons. As explained in the Motion in Limine, equitable recoupment is available only where there is a single transaction subjected to two taxes based upon inconsistent legal theories, and that is not the case here. Rec. Doc. 71-1, 10. In addition, because equitable recoupment is a defense in equity, it cannot be invoked by a party with unclean hands, like these defendants. *Minskoff v. United States*, 349 F. Supp. 1146, 1150 (S.D.N.Y. 1972), *aff'd*, 490 F.2d 1283 (2d Cir. 1974).

The authorities on which the Defendants rely do not provide otherwise. In *Emery*, the Tax Court acknowledged that there must be a timely claim.

> Equitable recoupment operates as a defense that may be asserted by a taxpayer to reduce the Commissioner's *timely* claim of a deficiency, or by the Commissioner to reduce the taxpayer's *timely* claim for a refund. Id. When applied for the benefit of a taxpayer, the equitable recoupment doctrine allows a taxpayer to raise a *time-barred claim* of a tax overpayment as an offset to reduce or eliminate the amount owed on the Commissioner's *timely* claim.

*Emery Celli Cuti Brinckerhoff & Abady, P.C. v. Comm'r of Internal Revenue*, 115 T.C.M. (CCH) 1267, *6 (T.C. 2018) (emphasis added). The Supreme Court specifically cautioned against the approach advocated by the Defendants in this case because treating separate transactions as "one transaction as a whole" risks bringing about the "all but intolerable" circumstance of having a "tax

system under which there would never come a day of final settlement." *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 300-01 (1946).

The court in *Emery* also recognized that a taxpayer claiming recoupment must prove a sufficient identity of interest between the payor of the tax and the potential recipient of the recoupment such that the payor and recipient "should be treated as a single taxpayer in equity." *Emery*, 115 T.C.M. (CCH) 1267, at *29. The Defendants have not met this burden. The good-faith mistake in *Emery* that the taxpayer's payroll service provider made–timely paying over the firm's employment taxes to the IRS under the employer identification number of the predecessor firm–is not at all comparable to the bad-faith decision made by the Defendants here to break the law.[4]

## IV.     Equitable Estoppel Does Not Apply

The Defendants' arguments for equitable estoppel are also without merit.  It is well-settled that the United States cannot be estopped in the same manner as private litigants because, "[w]hen the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 60 (1984). Accordingly, "[c]ourts have been exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v. Holder*, 646 F.3d 226, 229 (5th Cir. 2011) (citing *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990) (noting that the Supreme Court has "reversed every finding of estoppel that we have reviewed").  In order to prevail on a claim of equitable estoppel, the Defendants must prove: "(1) affirmative misconduct by the government, (2) that the government was aware of the relevant facts and (3) intended its act or omission to be acted upon, (4) that the

---

[4] *In re Braniff Airways, Inc.*, 42 B.R. 443 (Bankr. N.D. Tex. 1984) and American Jurisprudence 2d are not inconsistent. *See, e.g.,* 20 Am. Jur. 2d Counterclaim, Recoupment, Etc. § 78.

11

party seeking estoppel had no knowledge of the relevant facts and (5) reasonably relied on the government's conduct and as a result of his reliance, suffered substantial injury." *Robertson-Dewar*, 646 F.3d at 229. "[T]o state a cause of action for estoppel against the government, a private party must allege more than mere negligence, delay, inaction, or failure to follow an internal agency guideline." *Fano v. O'Neill*, 806 F.2d 1262, 1265 (5th Cir.1987).

The Defendants' arguments are fundamentally flawed because they fail to articulate any affirmative misconduct on the part of the United States. "Affirmative misconduct requires an affirmative misrepresentation or affirmative concealment of a material fact by the government." *Linkous v. United States*, 142 F.3d 271, 278 (5th Cir.1998) (internal quotations marks omitted). The Defendants allege the government failed to offset Defendant Hamdan's alleged individual income tax overpayment with Brothers Food Marts' delinquent employment tax liabilities. This argument at most only presents a purported inaction on the part of the government and does not identify any misrepresentation or concealment of a material fact. Without identifying an affirmative act the Defendant's claim for equitable estoppel must fail.

Not only do the Defendants fail to allege any affirmative government misconduct, they cannot meet any of the other elements of equitable estoppel. As the government has made clear in its earlier arguments, the Defendants are *not* entitled to the offset they describe. There is no Congressional intent for the IRS to allow for improper tax offsets. In addition, the Defendants were well aware of the relevant facts in this case. They went to great lengths to conceal from the IRS the proper tax assessments for Defendant Hamdan and Brothers Food Mart. Their argument that they were unaware of the facts surrounding their own tax misconduct is disingenuous. Finally, as there was no affirmative act of misconduct, the Defendants cannot claim to have relied upon any act of the government. The Defendants cannot argue that at the same time that they intentionally mislead

the IRS they also relied on the IRS to apply a tax offset to correct the Defendants fraudulent conduct.

## V.     The Government Was not Unjustly Enriched

The Defendants' reliance on a theory of unjust enrichment is similarly misguided. As previously argued, the Defendants have failed to establish that Defendant Hamdan overpaid his personal income tax in excess of what is owed in employment taxes for Brothers Food Mart. For purposes of the Defendants' Motion, there is no basis to conclude the United States was enriched at all. Further, if this issue were to be proceed to trial, the United States intends to establish that there is a tax loss to the United States, not an overpayment.

Moreover, the Defendants cannot satisfy the elements of unjust enrichment. The five elements required for a showing of unjust enrichment under Louisiana Law are:

> (1) there must be an enrichment, (2) there must be an impoverishment, (3) there must be a connection between the enrichment and resulting impoverishment, (4) there must be an absence of 'justification' or 'cause' for the enrichment and impoverishment, and finally (5) the action will only be allowed when there is no other remedy at law.

*Richard v. Wal-Mart, Inc.* 559 F.3d 341 5th Cir. 2009) (citation omitted).

Even assuming for the sake of argument that there was an overpayment of tax, any enrichment to the government was precipitated by Defendant Hamdan when he filed false tax returns to hide his criminal conduct. "[W]hile a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not, . . ." *Comm'r v. National Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 149 (1974). Defendant Hamdan chose a specific tax regime so that he could continue to hire undocumented workers and pay employees cash with impunity, rather than follow federal tax law. He cannot now claim the government was unjustly enriched because of his deceptive tax planning.

13

Thus, the United States was not unjustly enriched because Defendant Hamdan abused the tax laws to conceal hiring undocumented workers.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Counts 2 through 72 of the Superseding Indictment should be denied.

Respectfully,

PETER G. STRASSER
United States Attorney

GREG KENNEDY
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Phone: (504) 680-3000

/s/ Lauren M. Castaldi
LAUREN CASTALDI
Trial Attorney
Department of Justice, Tax Division
150 M Street NE
Washington, DC 20002
(202) 514-9668
Lauren.m.castaldi@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*/s/ Lauren M. Castaldi*
LAUREN M. CASTALDI
Trial Attorney