## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 19-60-WBV-KWR

IMAD FAIEZ HAMDAN, ET AL.                   SECTION: D (4)

### ORDER AND REASONS

Before the Court is a Motion to Dismiss Counts 2 Through 72 Of the Indictment; Rule 12(b), filed by defendants, Imad Faiez Hamdan ("Hamdan") and Ziad Odea Mousa ("Mousa") (collectively, "Defendants").[1]  The Government opposes the Motion,[2] and Defendants have filed a Reply.[3]  After careful consideration of the parties' memoranda and the applicable law, the Motion to Dismiss is **DENIED.**

### I.   BACKGROUND

The defendants in this case, Hamdan and Mousa, owned and operated more than 30 food stores, convenience stores, and gas stations that operated under the name "Brothers Food Mart" in the State of Louisiana.[4]  Defendants operated all of the locations of Brothers Food Mart under a central management system.[5]  On October 10, 2019, the Government filed a 74-Count Superseding Indictment against Defendants.[6]  Pertinent to the instant Motion, Defendants are charged in Count 2 with conspiracy to defraud the United States by evading paying federal income and

---

[1] R. Doc. 60.
[2] R. Doc. 75.
[3] R. Doc. 82.
[4] R. Doc. 47 at ¶ 2; R. Doc. 60-1 at p. 2.
[5] R. Doc. 47 at ¶ 3; R. Doc. 60-1 at p. 2.
[6] R. Doc. 47.

employment taxes[7] through underreporting wages paid to employees by Brothers Food Mart, including undocumented workers and store managers.[8] Defendants are charged in Counts 3 through 50 with failure to withhold, account for, and pay to the IRS certain trust fund taxes on behalf of the employees of Brothers Food Mart.[9] In Counts 51 through 72, Defendants are charged with aiding and assisting the preparation of false individual income tax returns for taxpayers other than themselves.[10]

On November 15, 2019, Defendants filed the instant Motion to Dismiss Counts 2 through 72 under Fed. R. Crim. P. 12(b).[11] Defendants assert that the Government is unable to prove that they had the requisite criminal intent to commit the violations alleged because "it is unquestioned fact" that Hamdan overpaid his personal income taxes for all pertinent years over and above the amount of alleged employment and income tax losses alleged in Counts 2 through 72 of the Superseding Indictment.[12] Defendants claim that for the years 2009 through 2014, Hamdan overpaid his federal income taxes in the gross amount of $5,222,675.00, which should have been applied

---

[7] In the Superseding Indictment, the Government asserts that the Internal Revenue Code and associated statutes and regulations require employers to withhold from employees' gross pay federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and to account for and pay the withheld taxes to the IRS on a quarterly basis, but no later than the last day of the month following the end of the quarter. *Id*. at ¶ 18. The Government asserts that, "These taxes will be referred to in this Superseding Indictment collectively as 'trust fund taxes.'" *Id*. The Government further asserts that "employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes." *Id*. at ¶ 19. The Government asserts that, "Trust fund taxes and employers' FICA contributions are commonly referred to as 'employment taxes.'" *Id*.
[8] *Id*. at ¶¶ 40-53.
[9] *Id*. at ¶¶ 54-55.
[10] *Id*. at ¶¶ 56-57.
[11] R. Doc. 60.
[12] *Id*. at p. 1; *See* R. Doc. 60-1 at p. 1.

to offset the $3,419,539.00 underpayment of employment taxes, trust fund taxes and the amounts of false tax returns alleged in the Superseding Indictment.[13]  Defendants also argue that the Government cannot prove that Defendants willfully conspired to unjustly enrich themselves and others in light of the fact that Hamdan voluntarily overpaid his income taxes to such an extent that the Government owes him a substantial refund.[14]

Defendants further assert that the Government should be estopped from pursuing Counts 2 through 72 because any convictions would violate Defendants' constitutional rights, as well as principles of equity and fairness.[15]  Defendants claim that, in the case of any overpayment of tax, 26 U.S.C. § 6402 authorizes the IRS to apply the overpayment to a number of taxpayer obligations and requires the IRS, subject to certain exceptions, to credit and offset any balance due by the person who made the tax overpayment.[16]  Defendants argue that by enacting this statute and others, the Government has assured the taxpayer who underpays one tax, but overpays another, that his overpayment will exonerate him against any liability with respect to an internal revenue tax.[17]  Defendants claim that the Government now seeks to hold them criminally responsible for the same conduct for which the Government previously assured them the promise of protection and compensation under the law, in violation of their due process rights, their rights to a fair trial and

---

[13] R. Doc. 60-1 at pp. 4-13.
[14] *Id*. at pp. 13-14.
[15] *Id*. at pp. 14-21.
[16] *Id*. at pp. 5, 14.
[17] *Id*. at p. 14 (*quoting* 26 U.S.C. § 6402) (quotation marks omitted).

their rights to effective assistance of counsel under the Fifth and Sixth Amendments of the Constitution.[18]

Defendants assert that the Fifth Circuit requires proof of the following five elements for an equitable estoppel claim: (1) affirmative misconduct by the Government; (2) the Government was aware of the relevant facts; (3) the Government intended its act or omission to be acted upon; (4) the party seeking estoppel had no knowledge of the relevant facts; and (5) the party seeking estoppel suffered substantial injury when it reasonably relied on the government's conduct.[19] Defendants argue that all five requirements are met in this case because the Government enacted tax laws and then failed or refused to follow those laws, the Government was aware of Hamdan's overpayment of taxes prior to filing the Superseding Indictment, the Government intended for taxpayers to rely upon the tax setoff laws, and the Defendants reasonably relied upon the tax setoff laws.[20] Defendants also argue that the doctrine of unjust enrichment shields them from criminal responsibility in this case because the Government has been enriched by Hamdan's overpayment of his personal income taxes to the tune of approximately $1.8 million without any justification for keeping the overpayment.[21]

The Government opposes the Motion, pointing out that although Defendants fail to invoke a specific provision of Fed. R. Crim. P. 12(b), based on their allegation

---

[18] R. Doc. 60-1 at p. 15.
[19] *Id.* at p. 17 (quoting *Knapp v. U.S. Dep't of Agric.*, 796 F.3d 445, 461 (5th Cir. 2015)) (internal quotation marks omitted).
[20] R. Doc. 60-1 at pp. 17-21.
[21] *Id.* at pp. 21-23. The Court notes that, while the Motion is styled as a joint motion filed by both Hamdan and Mousa, Defendants make no arguments regarding Mousa.

that the Government is unable to prove criminal intent, Defendants' argument appears to be that the tax counts fail to state an offense under Rule 12(b)(3)(B)(v).[22] The Government asserts that, when evaluating whether all or part of an indictment fails to state an offense, courts must take the allegations of the indictment as true and determine whether an offense has been stated.[23]  The Government argues that a defendant may not challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.[24]  Under this standard, the Government asserts that intent is quintessentially a question for the jury, and whether Defendants acted willfully is an issue that must be determined at trial.[25]

Even assuming, for the sake of argument, that Hamdan overpaid his personal income taxes, that his overpayment exceeded all of the underpayments caused by the Defendants' crimes, and that the law allows him to apply the personal overpayment to those underpayments, the Government argues that it would not be categorically precluded from proving willfulness at trial, and that a jury could reasonably conclude that Defendants' arguments are not credible and/or that Hamdan was an incompetent criminal who wanted to cheat the Government, but did it poorly.[26]  The Government also argues that  Defendants' argument regarding offset has no bearing on whether the tax counts of the Superseding Indictment fail to state an offense

---

[22] R. Doc. 75 at p. 2 (*citing* Fed. R. Crim. P. 12(b)(3)(B)(v); *United States v. Loeb*, 95 A.F.T.R. 2d 2005-1107, at *6 (E.D. La. 2005)).

[23] R. Doc. 75 at p. 2 (citing *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011)).

[24] R. Doc. 75 at p. 2 (citing *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975); *United States v. Dantin*, Crim. A. No. 15-197, 2018 WL 6435890, at *2 (E.D.La. Dec. 7, 2018)).

[25] R. Doc. 75 at p. 4 (citing *United States v. Knox*, 396 U.S. 77, 83, 90 S.Ct. 363, 367, 24 L.Ed.2d 275 (1969); *Loeb*, 95 A.F.T.R. 2d 2005-1107, at *8).

[26] R. Doc. 75 at pp. 3-4.

because willfulness is a question for the jury and tax loss is not an element of any of the offenses.[27]

Turning to the merits of Defendants' offset argument, the Government first asserts that Defendants failed to allege sufficient facts to show that Hamdan overpaid his personal taxes in excess of the other taxes owed in relation to the Defendants' crimes.[28]  The Government next argues that the statute of limitations for Hamdan to claim a tax refund has expired, and that no credit or refund is allowed where, as here, the limitations period has expired unless the taxpayer timely filed a claim for refund.[29]  The Government asserts that Hamdan has not made a formal or informal claim for refund.[30]  Finally, the Government claims that, pursuant to Supreme Court and Fifth Circuit precedent, equity does not provide relief from the foregoing bar to Hamdan's claim for refund and offset.[31]  The Government asserts that equitable recoupment likewise cannot circumvent the bar of an expired statute, and that it can only be raised in a timely-filed civil action.[32]

The Government further argues that equitable estoppel does not apply because it is well settled that the United States cannot be estopped in the same manner as private litigants since, "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as

---

[27] *Id*. at p. 6.

[28] *Id*. at pp. 6-7.

[29] *Id*. at p. 7 (*citing* 26 U.S.C. § 6511(b); Treas. Reg. § 301.6402-2(a)(1) and (b)).

[30] R. Doc. 75 at pp. 7-8.

[31] *Id*. at p. 9 (quoting *United States v. Brockamp*, 519 U.S. 347, 351, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997); *Davis v. United States*, 481 Fed.Appx. 145, 149 (5th Cir. 2012); *Doe v. KPMG, LLP*, 398 F.3d 686, 689 (5th Cir. 2005); *PALA, Inc. v. Employees Profit Sharing Plan & Tr. Agreement v. United States*, 234 F.3d 873, 880 and n.40 (5th Cir. 2000)).

[32] R. Doc. 75 at pp. 9-10.

a whole in obedience to the rule of law is undermined."[33]  The Government further argues that Defendants cannot meet any of the five requirements of equitable estoppel, noting that Defendants failed to articulate any affirmative misconduct on the part of the Government, which requires an affirmative misrepresentation or affirmative concealment of a material fact.[34]  The Government claims that Defendants' assertion that the Government failed to offset Hamdan's individual income tax overpayment with Brothers Food Mart's delinquent employment tax liabilities is insufficient because, at most, it only asserts an inaction on the part of the Government.[35]  The Government asserts that the remaining factors for equitable estoppel are not met because: (1) Defendants are not entitled to the offset they describe, as there is no Congressional intent for the IRS to allow for improper tax offsets; (2) Defendants were well aware of the relevant facts in this case, since they went to great lengths to conceal from the IRS the proper tax assessments for Hamdan and Brothers Food Mart; and (3) there was no affirmative act of misconduct by the Government, so Defendants cannot claim any injury from relying upon any act of the Government.[36]

Finally, the Government argues that it was not unjustly enriched, and that Defendants have failed to establish that Hamdan overpaid his personal income tax in excess of what is owed in employment taxes by Brothers Food Mart.[37]  The

---

[33] *Id.* at p. 11 (quoting *Heckler v. Cmty. Health Servs. Of Crawford County, Inc.*, 467 U.S. 51, 61, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)) (internal quotation marks omitted).
[34] R. Doc. 75 at p. 12 (quoting *Linkous v. United States*, 142 F.3d 271, 278 (5th Cir. 1998)) (internal quotation marks omitted).
[35] R. Doc. 75 at p. 12.
[36] *Id.* at pp. 12-13.
[37] *Id.* at p. 13.

Government also asserts that Defendants cannot satisfy the five elements of unjust enrichment, and that even if Hamdan overpaid his personal income tax, any enrichment to the Government was caused by Hamdan when he filed false tax returns to hide his criminal conduct.[38]  The Government contends that Hamdan cannot claim the Government was unjustly enriched because of his deceptive tax planning.

In their Reply brief, Defendants re-urge the arguments made in their Motion and maintain that Hamdan's overpayment of his personal income tax defeats the Government's theory that Defendants acted willfully in failing to pay employment taxes and in aiding others to not pay their income taxes.[39]  Defendants also assert that the Government failed to show that Hamdan is not entitled to a credit or offset, and that the Government's arguments against the application of equitable recoupment and equitable estoppel are flawed.[40]

## II.    LEGAL STANDARD

Rule 12(b) of the Federal Rules of Criminal Procedure permits a defendant to raise by a pretrial motion, "Any defense, objection, or request that the court can determine without a trial on the merits." [41]   As the Government points out, Defendants fail to specify which provision of Fed. R. Crim. P. 12(b) forms the basis of their request for dismissal.[42]  In fact, Defendants fail to even mention Rule 12(b) in their Motion or Memorandum in Support,[43] and only mention Rule 12(b)(2) and Rule

---

[38] *Id*.
[39] R. Doc. 82.
[40] *Id*. at pp. 5-10.
[41] Fed. R. Crim. P. 12(b)(1).
[42] R. Doc. 75 at p. 2.  *See* R. Docs. 60 & 82.
[43] R. Docs. 60 & 60-1.

12(b)(3), generally, in their Reply brief as the procedural means to challenge the sufficiency of an indictment.[44]  In their Motion, however, Defendants assert that, "The government is factually unable to prove, to a reasonable legal certainty, that defendants had the requisite criminal intent to commit the violations in these counts."[45]  Defendants also assert that, "The government cannot as a matter of law prove the essential elements of the tax offenses charged, and, as a result, Counts 2 through 72 must be dismissed."[46]  Thus, Defendants appear to argue that Counts 2 through 72 fail to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v) and the Court will analyze the Motion under that basis.

Federal Rule of Criminal Procedure 7(c) requires an indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and to state for each count, "the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated."[47]  As explained by the Fifth Circuit, "Under the Sixth Amendment, an indictment must '(1) enumerate each prima facie element of the charged offense; (2) inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions.'"[48]  According to the Fifth Circuit, "[A]n indictment is sufficient if it 'contains the elements of the offense charged and fairly informs the defendant of the charge against which he must

---

[44] R. Doc. 82 at p. 2.

[45] R. Doc. 60 at p. 1; *See* R. Doc. 60-1 at p. 1.

[46] R. Doc. 60-1 at pp. 1-2.

[47] Fed. R. Crim. P. 7(c)(1).

[48] *United States v. Guzman-Ocampo*, 236 F.3d 233, 236 (5th Cir. 2000) (quoting *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996)).

defend.'"[49]  "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges."[50]  "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged."[51]

When considering a motion to dismiss the indictment for failure to state an offense, a court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated."[52]  Additionally, "A court must deny a motion to dismiss if the motion relies on disputed facts."[53]  According to the Fifth Circuit, "The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact . . . .  If a question of law is involved, then consideration of the motion is generally proper."[54]

## III.   ANALYSIS

### A. Count 2: Conspiracy to Defraud the United States, in Violation of 18 U.S.C. § 371.

Defendants are charged in Count 2 of the Superseding Indictment with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.[55]  Section 371

---

[49] *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *Unites States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)).

[50] *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978) (citations omitted).

[51] *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (internal quotation marks and citations omitted); *See United States v. Massey*, 849 F.3d 262, 264 (5th Cir. 2017) (same).

[52] *United States v. USPlabs, LLC*, 338 F. Supp. 3d 547, 557 (N.D. Tex. 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)) (internal quotation marks omitted).

[53] *USPlabs, LLC*, 338 F. Supp. 3d at 557; *See United States v. Covington,* 395 U.S. 57, 60, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969) (holding that a court can resolve a pretrial motion to dismiss the indictment only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense").

[54] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).

[55] R. Doc. 47 at ¶¶ 40-53.

provides, in pertinent part, that, "If two or more persons conspire . . . to defraud the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."[56] Thus, to establish a violation of 18 U.S.C. § 371, the Government must allege and prove beyond a reasonable doubt the following three elements: (1) an agreement by two or more persons to commit an offense against the United States or defraud the United States; (2) the defendant's knowing and voluntary participation in the conspiracy; and (3) commission of an overt act in furtherance of the conspiracy.[57]

In the Superseding Indictment, the Government alleges that Defendants "unlawfully, voluntarily, intentionally, and knowingly did conspire, combine, confederate, and agree together and with each other to defraud the United States for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes and employment taxes."[58] The Superseding Indictment also alleges that, "The purpose and object of the conspiracy was for the defendants and co-conspirators to unjustly enrich themselves and others by evading income and employment taxes."[59] The Superseding Indictment further alleges that Defendants committed overt acts in furtherance of the conspiracy within the Eastern

---

[56] 18 U.S.C. § 137.
[57] *United States v. Soape*, 169 F.3d 257, 264 (5th Cir. 1999) (citing *United States v. Campbell*, 64 F.3d 967, 974 (5th Cir. 1995)).
[58] R. Doc. 47 at ¶ 41.
[59] *Id.*

District of Louisiana and elsewhere, including causing the preparation, issuance, and filing of false W-2 Forms, which under-reported the wages paid to certain Brothers Food Mart managers identified in the Superseding Indictment, and causing the preparation and filing of false Forms 941, which underreported wages and tax liability for certain Brothers Food Mart entities listed in the Superseding Indictment.[60]

Taking the allegations of the Superseding Indictment as true, as the Court is required to do,[61] the Court finds that the Superseding Indictment sufficiently states an offense under 18 U.S.C. § 371 because it sets forth all three elements of the offense. Contrary to Defendants' assertions, neither criminal intent nor tax loss are elements of conspiracy to defraud the United States under 18 U.S.C. § 371. The Superseding Indictment tracks the language of 18 U.S.C. § 371, and all of the required elements are included in the statutory language. According to the Fifth Circuit, "As long as the statutory language of the charged offense unambiguously sets out all the necessary elements, an indictment setting forth the offense in the words of the statute itself is generally sufficient."[62] Accordingly, the Court finds that the Superseding Indictment sufficiently alleges a conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Because the Superseding Indictment sufficiently states an offense

---

[60] *Id.* at ¶¶ 51-53.

[61] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011); *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)) (internal quotation marks omitted).

[62] *United States v. Hagemann*, 950 F.2d 175, 183 (5th Cir. 1991).

under Fed. R. Crim. P. 12(b)(3)(B)(v), Defendants' Motion to Dismiss Count 2 of the Superseding Indictment must be denied.

### B. Counts 3 Through 50: Failure to Withhold, Account For, and Pay Over Federal Employment Taxes, in Violation of 26 U.S.C. § 7202.

In Counts 3 through 50, Defendants are charged with failure to truthfully account for, collect, and pay over employment taxes on behalf of certain employees of Brothers Food Mart, in violation of 26 U.S.C. § 7202.[63]  The statute provides that, "Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony . . . ."[64]  Thus, to establish a violation of 26 U.S.C. § 7202, the Government must prove: (1) the defendant had a duty to collect, account for, and pay over a tax; (2) failure to collect, truthfully account for, or pay over the tax; and (3) willfulness.[65]  The Fifth Circuit has clarified that the Government need only prove that a defendant willfully failed to either truthfully account for taxes *or* pay them over.[66]  As the Government points out, tax loss is not an element of 26 U.S.C. § 7202.

Counts 3 through 50 of the Superseding Indictment allege that Defendants "willfully fail[ed] to truthfully account for, collect, and pay over to the IRS the following trust fund taxes due and owing to the United States of America on behalf of the employees of Brothers Food Mart entity for each quarter listed below, with each

---

[63] R. Doc. 47 at ¶¶ 54-55.
[64] 26 U.S.C. § 7202.
[65] *United States v. Sertich*, 879 F.3d 558, 562-63 (5th Cir. 2018) (citations omitted and emphasis added).
[66] *Id.*

calendar quarter constituting a separate count of this Indictment . . . ."[67]  The Superseding Indictment then lists 47 instances (Counts 3 through 50) in which Defendants violated 26 U.S.C. § 7202 within the Eastern District of Louisiana.[68] Counts 3 through 50 of the Superseding Indictment also incorporate by reference several factual allegations from Count 2,[69] wherein the Government alleges that Defendants, along with other co-conspirators, underreported wages paid to employees by Brothers Food Mart, including wages for undocumented workers and store managers.[70]

The Government alleges in Count 2 that Defendants hired managers to operate various locations of Brothers Food Mart, who were paid a partial salary by check, which was recorded in Brothers Food Mart's payroll system.[71]  The Government alleges that Defendants also paid the managers a partial salary of $3,000.00 in monthly cash payments, which were not recorded in Brothers Food Mart's payroll system.[72]  The Government further alleges in Count 2 that Defendants caused Brothers Food Mart to issue false W-2 Forms to its managers, which forms did not report the cash portion of their salaries.[73]  The Government alleges that Defendants directed the managers to pay undocumented workers in cash, and to record the cash payments outside of the regular payroll system.[74]  The Government alleges that, at

---

[67] R. Doc. 47 at ¶ 55.
[68] *Id*.
[69] *Id*. at ¶ 54 (incorporating by reference the allegations in ¶¶ 1-4, 19-22 & 43-49).
[70] *Id*. at ¶ 43.
[71] *Id*. at ¶ 44.
[72] *Id*. at ¶ 44.
[73] *Id*. at ¶ 45.
[74] *Id*. at ¶ 46.

the direction of Defendants, an individual went to Brothers Food Mart locations on a weekly basis and collected handwritten wage reports created by the managers, which information was used by the individual to create a separate set of books from those created by the central office of Brothers Food Mart.[75] The Government alleges that, despite collecting reports of cash wages paid to managers and undocumented workers, Defendants did not provide this information to Brothers Food Mart's tax return preparers, which caused them to prepare and file inaccurate and false IRS Form 941s.[76] The Government further alleges that, on or about January 2014, Defendants caused Brothers Food Mart to pay managers and undocumented workers via check, rather than cash, and Defendants caused Brothers Food Mart to not report these wages on IRS Form 941s.[77] Finally, the Government alleges in Count 2 that Defendants continued to cause Brothers Food Mart to not issue W-2 Forms to undocumented workers, and to issue false W-2 Forms to the managers.[78]

The Court finds that the language in Counts 3 through 50 of the Superseding Indictment, especially when considered in light of the allegations of fact incorporated by reference from Count 2,[79] sufficiently states the three essential elements of the offense charged, 26 U.S.C. § 7202. Tracking the language of the statute, the Superseding Indictment alleges that Defendants failed to account for, collect and pay to the IRS trust fund taxes due on behalf of Brother Food Mart employees that were

---

[75] *Id.* at ¶ 47.
[76] *Id.* at ¶ 48.
[77] *Id.* at ¶ 49.
[78] *Id.*
[79] *Id.* at ¶ 54.

due and owing. The Court agrees with our sister courts that, "Stating that the taxes were 'due and owing' is functionally equivalent to stating the defendants had a duty to pay the taxes."[80]

Additionally, although not addressed by Defendants in the instant Motion,[81] the fact that the Superseding Indictment does not include a statement that the Defendants were persons "required . . . to collect, account for, and pay over any tax imposed" does not render the indictment deficient.[82] At least one court in this Circuit has held that, where an Indictment alleged that the defendant was the company president, who withheld trust fund taxes from the company's employees and who willfully failed to account for and pay over the tax, "the requisite elements of the offense [26 U.S.C. § 7202] were alleged in the Indictment."[83] Another federal court has similarly concluded that an indictment sufficiently alleged the elements of § 7202 based upon allegations that the defendants failed to truthfully collect, account for and

---

[80] *United States v. Russell*, Crim. A. No. 4:12-CR-3042, 2013 WL 572085, at *2 (D. Neb. Feb. 13, 2013); *United States v. Tabares*, Crim. A. No. 1:15-CR-00277-SCJ-JFK, 2016 WL 11258758 (N.D. Ga. June 3, 2016) (citing *Russell*, Crim. A. No. 4:12-CR-3042, 2013 WL 572085, at *2).

[81] The Court notes that Defendants filed a subsequent Joint Motion to Dismiss Counts 3 Through 50 For Failure to State an Offense on February 28, 2020, asserting that Counts 3 through 50 must be dismissed under Fed. R. Crim. P. 12(b)(3)(B)(v) for failure to state a claim because the Government failed to allege that Defendants had a duty to collect, account for and pay over trust fund taxes. R. Doc. 156.

[82] *United States v. Ramirez*, Crim. A. No. CR.SA-03-CR-0469-XR, 2003 WL 22995118, at *1 (W.D. Tex. Dec. 16, 2003) ("The mere fact that the indictment failed to include a statement that Defendant was a person 'required . . . to collect, account for, and pay over any tax imposed' does not cause the Indictment to become deficient.") (citing *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989) ("the law does not compel a ritual of words,' and a recitation of the exact scienter ('knowing') is not required where the pleading 'fairly imports' knowledge.")); *United States v. Russell*, Crim. A. No. 4:12CR3042, 2013 WL 571843, at *1 (D. Neb. Jan. 7, 2013) (citing *Ramirez*, Crim. A. No. CR.SA-03-CR-0469-XR, 2003 WL 22995118, at *1).

[83] *Ramirez*, Crim. A. No. CR.SA-03-CR-0469-XR, 2003 WL 22995118, at *1 (citing *United States v. Wilson*, 884 F.2d 174, 179 (5th Cir. 1989) ("The test of the validity of the indictment is 'not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'")).

pay over to the IRS all federal income taxes and FICA taxes owed to the United States on behalf of the company and its employees, and facts incorporated by reference from another count in the indictment, alleging that that defendants were executive-level managers who caused the creation of an employee spreadsheet that classified employees in such a way that caused the company to fail to report over $800,000.00 in wages to the IRS.[84]

Like those cases, the Superseding Indictment in this case alleges that Defendants were the owners and operators of Brothers Food Mart and that they exercised control over Brothers Food Mart's payroll, including the creation of records that were hidden from the official payroll records, determining employee pay, determining the form of payment, providing false payroll information to tax return preparers and causing the issuance of false tax documents.[85]  The Court finds that the Government has alleged sufficient facts regarding Defendants' duty to account for trust fund taxes that "the indictment as a whole fairly imports the [duty] element."[86]  Because the Superseding Indictment alleges facts that comprise the essential elements of the offense charged, 26 U.S.C. § 2702, it states an offense under Fed. R. Crim. P. 12(b)(3)(B)(v) with respect to Counts 3 through 50.  The Court rejects Defendants' argument that Counts 3 through 50 must be dismissed because the Government is unable to prove criminal intent based upon Hamdan's overpayment of

---

[84] *United States v. Tabares*, Crim. A. No. 1:15-CR-00277-SCJ-JFK, 2016 WL 11258758, at *3 n.2 (N.D. Ga. June 3, 2016).

[85] R. Doc. 47 at ¶ 54 (incorporating by reference ¶¶ 43-49).

[86] *United States v. Rainey*, 757 F.3d 234, 247-48 (5th Cir. 2014) (quoting *United States v. Harms*, 442 F.3d 367, 372 (5th Cir. 2006)) (internal quotation marks omitted).

his personal income taxes.[87]  According to the Fifth Circuit, "The Supreme Court has specifically held, in reversing a district court's dismissal of an indictment, that willfulness is an 'evidentiary question' that should not be determined in a Rule 12(b) proceeding."[88]  Thus, Defendants' Motion to Dismiss Counts 3 through 50 of the Superseding Indictment must be denied.

### C. Counts 51 Through 72: Aiding and Assisting the Preparation and Presentation of a False Tax Return, in Violation of 26 U.S.C. 7206(2).

The Government charges Defendants in Counts 51 through 72 with aiding and assisting the preparation and presentation of false income tax returns, in violation of 26 U.S.C. § 7206(2).[89]  The statute provides that any person who:

> Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim or document . . . shall be guilty of a felony.[90]

To establish a violation of 26 U.S.C. § 7206(2), the Government must prove: (1) the defendant advised or assisted in the preparation of a tax return; (2) the return was false or fraudulent as to a material matter; and (3) the defendant acted willfully in doing so.[91]

---

[87] R. Doc. 60 at p. 1; R. Doc. 60-1 at p. 1.
[88] *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (quoting *United States v. Knox*, 396 U.S. 77, 83 n.7, 90 S.Ct. 363, 367 n.7, 24 L.Ed.2d 275 (1969)).
[89] R. Doc. 47 at ¶¶ 56-57.
[90] 26 U.S.C. § 7206(2).
[91] *United States v. Coveney*, 995 F.2d 578, 588 (5th Cir. 1993) (citations omitted).

The Government alleges in the Superseding Indictment that Defendants and others "did willfully aid and assist in, and procure, counsel and advise the preparation and presentation to the IRS U.S. Individual Income Tax Returns, IRS Forms 1040 and 1040A, for the tax years listed below, which tax returns were false and fraudulent as to material matters, namely Line 7 . . . ."[92]  The Government then lists 22 instances (Counts 51 through 72) in which Defendants violated 26 U.S.C. § 7206(2) by assisting in the preparation of false tax returns for taxpayers other than themselves within the Eastern District of Louisiana.[93]  The Court finds the language of the Superseding Indictment tracks the language of 26 U.S.C. § 7202 and the elements of the offense set forth therein.  Thus, taking the allegations of the Superseding Indictment as true, as the Court is required to do,[94] the Superseding Indictment sufficiently alleges an offense under in 26 U.S.C. § 7202 and Fed. R. Crim. P. 12(b)(3)(B)(v).  To the extent Defendants allege that Counts 51 through 72 must be dismissed because the Government is unable to prove criminal intent based on Hamdan's alleged overpayment of his personal income taxes,[95] Defendants' argument lacks merit.[96]  Accordingly, Defendants' Motion to Dismiss Counts 51 through 72 must be denied.

---

[92] R. Doc. 47 at ¶ 57.

[93] *Id.*

[94] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011); *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)) (internal quotation marks omitted).

[95] R. Doc. 60 at p. 1; R. Doc. 60-1 at p. 1.

[96] *See United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (quoting *United States v. Knox*, 396 U.S. 77, 83 n.7, 90 S.Ct. 363, 367 n.7, 24 L.Ed.2d 275 (1969)) ("willfulness is an 'evidentiary question' that should not be determined in a Rule 12(b) proceeding.").

### D. Defendants' Arguments Regarding Credit and Offset, Equitable Estoppel and Unjust Enrichment.

The Court finds that Defendants' remaining arguments regarding the sufficiency of the Superseding Indictment also lack merit. As an initial matter, Defendants have failed to cite any legal authority, and the Court has found none, indicating that the defenses of credit or offset, equitable estoppel or unjust enrichment are grounds upon which the Court can find the Superseding Indictment insufficient under Fed. R. Crim. P. 12(b)(3)(B)(v). Defendants' arguments on these issues have no bearing on whether Counts 2 through 72 of the Superseding Indictment fail to state an offense. As repeatedly explained herein, the Fifth Circuit has made clear that, "Generally, an indictment that tracts the statutory language of the charged offense is constitutionally sufficient, as long as the statutory language unambiguously sets out all of the necessary elements of the offense."[97] Further, "An indictment that meets the sufficiency requirements cannot be challenged on grounds that the allegation are not supported by adequate evidence."[98] The Court has already determined that the Superseding Indictment states an offense under Fed. R. Crim. P. 12(b)(3)(B)(v) with respect to Counts 2 through 72.

### 1. Offset and Credit

In addition to lacking a legal foundation, Defendants' argument regarding offset and credit under 26 U.S.C. § 6402 demonstrates a fundamental

---

[97] *United States v. Fleming*, Crim. A. No. 10-102, 2011 WL 3568331, at *1 (E.D. La. Aug. 15, 2011) (citing *United States v. Hagemann*, 950 F.2d 175, 183 (5th Cir. 1991); *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986)).

[98] *Fleming*, Crim. A. No. 10-102, 2011 WL 3568331, at *1 (citing *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).

misunderstanding of the statute. As an initial matter, and as the Government correctly points out, any claim for a tax refund must be brought in a civil action under 26 U.S.C. § 7422(a), not a criminal proceeding. Additionally, Defendants claim that 26 U.S.C. § 6402 authorizes the IRS to apply the amount of any tax overpayment to a number of taxpayer obligations, and requires the IRS, subject to certain exceptions, to credit and offset any balance due by the person who made the tax overpayment.[99] While Defendants seemingly acknowledge that § 6402 gives the IRS *discretionary* authority to make credits or refunds,[100] Defendants strenuously argue that the statute requires the IRS to credit Hamdan's overpayment against the tax liability alleged in the Superseding Indictment.[101] Defendants contend that "the credit or offset executes by operation of law and equity, whether or not Hamdan claims a refund under 26 U.S.C. § 6511."[102] Defendants cite no legal authority to support this position.

Further, federal jurisprudence is clear that, "From the plain language of the statute, the IRS has no obligation to credit any individual's tax overpayment to specific preexisting outstanding tax liabilities upon the taxpayer's request. The statute, 26 U.S.C. 6402, gives the IRS *discretionary authority* to credit tax overpayments to any tax liability."[103] Moreover, "The statute and case law are clear that the discretionary authority of the IRS supersedes any desires or wishes on the

---

[99] R. Doc. 60-1 at p. 5.
[100] *Id*.
[101] *Id*. at p. 6.
[102] *Id*. at pp. 5-6.
[103] *Georgeff v. United States*, Case No. 05-385T, 67 Fed. Cl. 598, 608 (Fed. Cl. 2005) (citing cases) (emphasis added); *See* 26 U.S.C. § 6402(a).

part of a taxpayer to have their overpayment credited to specific, preexisting, tax liabilities."[104]  Thus, contrary to Defendants' assertions, the IRS is not *required* to credit any alleged overpayment by Hamdan against the underpayment of employment taxes by Brothers Food Mart.

Nor does § 6402 operate by "law and equity," regardless of whether the taxpayer has filed a civil claim for refund under 26 U.S.C. § 7422.  Section 7422 provides, in pertinent part, that a taxpayer cannot file a civil action for refund of any excess tax payments "until a claim for refund or credit has been duly filed with the Secretary."[105]  As the Government points out, a claim for credit or refund of an overpayment of any tax is required to be filed within three years from the time the return was filed or within two years from the time the tax was paid, whichever occurs later.[106]  "Generally, after the expiration of those time periods, the taxpayer is barred from receiving credit or refund unless he had timely filed his claim."[107]

Here, Defendants claim that Hamdan filed an "informal notice to the IRS of all overpayments from 2009 through 2014" based upon a November 2015 meeting between Hamdan's Certified Public Accountant ("CPA") and IRS agents, and subsequent written documents exchanged between Hamdan's counsel and the Government.[108]  However, as the Government points out, even if the meeting and unspecified written communications constitute a timely-filed informal claim for

---

[104] *Georgeff*, 67 Fed. Cl. at 608.
[105] 26 U.S.C. § 7422(a).
[106] 26 U.S.C. § 6511(a).
[107] *Plunkett v. C.I.R.*, 465 F.2d 299, 305 (7th Cir. 1972) (*citing* 26 U.S.C. § 6511(b)).
[108] R. Doc. 60-1 at pp. 6-7.

refund, Hamdan's claim was not subsequently amended by a formal claim, as required in the Fifth Circuit.[109]  As explained by the Fifth Circuit, "[E]ven if the informal claim is timely, 'the doctrine is predicated on an expectation that these formal deficiencies will at some point be corrected.'"[110]  The Fifth Circuit has also explained that, "Importantly, where courts have applied the informal claim doctrine, 'the taxpayers followed their informal submissions with proper formal claims before initiating litigation.'"[111]  "Thus, a taxpayers 'subsequent failure to file a formal claim bar[s] the court from exercising any jurisdiction over the claim.'"[112]  Defendants do not allege that Hamdan ever filed a formal claim for refund of the alleged overpayment of his personal income taxes.  Thus, the Court rejects Defendants' contention that the Superseding Indictment must be dismissed based upon Hamdan's purported entitlement to a credit or offset of Brothers Food Mart's tax liability based upon his alleged overpayment of his personal income taxes.

## 2. Equitable Estoppel

The Court likewise finds that equitable estoppel does not apply in this case. The Fifth Circuit has described the doctrine of equitable estoppel as follows:

> The defense of entrapment by estoppel is applicable when a government official or agent *actively assures* a defendant that certain conduct is legal and the defendant reasonably relies on that advice and continues or initiates the conduct. *Cox v. Louisiana*, 379 U.S. 559, 85 S.Ct. 476, 13 L.Ed.2d 487 (1965) (convictions for demonstrating near courthouse

---

[109] *See PALA, Inc. Employees Profit Sharing Plan & Tr. Agreement v. United States*, 234 F.3d 873, 879 (5th Cir. 2000).

[110] *BNSF Railway Co. v. United States*, 775 F.3d 743, 758 (5th Cir. 2015) (quoting *PALA, Inc. Employees Profit Sharing Plan & Tr. Agreement v. United States*, 234 F.3d 873, 879 (5th Cir. 200)).

[111] *BNSF Railway Co.*, 775 F.3d at 758 (quoting *Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008)).

[112] *BNSF Railway Co.*, 775 F.3d at 758 (quotation and quotation marks omitted).

> reversed where highest police officials of city, in presence of sheriff and mayor, gave demonstrators permission to picket across the street from courthouse); *Raley v. Ohio*, 360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959) (convictions for failure to testify reversed because inquiring body told defendants they could invoke Fifth Amendment). The defense is a narrow exception to the general rule that ignorance of the law is no excuse and is based on fundamental fairness concerns of the Due Process Clause. The focus of the inquiry is on the conduct of the government not the intent of the accused.[113]

The doctrine of equitable estoppel is not applicable to this case because Defendants have pointed to no evidence that they were "actively assured" by a government actor that their conduct was legal.[114]   Thus, to the extent that Defendants allege that they honestly (but perhaps erroneously) believed that their underpayment of certain employment taxes could be offset by Hamdan's alleged overpayment of his personal income taxes, which could also shelter Defendants from criminal liability, that argument fails in light of "the general rule that ignorance of the law is no excuse."[115]

### 3. Unjust Enrichment

Finally, Defendants' assertion that the doctrine of unjust enrichment somehow shields them from criminal responsibility based upon Hamdan's alleged overpayment of his personal income tax misconstrues the doctrine of unjust enrichment. Defendants recognize that unjust enrichment is "typically asserted as a claim, rather

---

[113] *United States v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996) (citation omitted) (emphasis added).
[114] *United States v. Morad*, Crim. A. No. 13-101, 2014 WL 68704, at *6 (E.D. La. Jan. 8, 2014) (citing cases).
[115] *Spires*, 79 F.3d at 466.

than a defense,"[116] and that the Government can use offset as a defense to prevent unjust enrichment in cases where the period of limitations for assessing taxes has expired.[117]  Defendants reason that, "Fundamental fairness and equity, therefore, demand that, if the government can assert offset as a defense to prevent unjust enrichment of the taxpayer, without regard to any period of limitations, then certainly a taxpayer would be afforded the same as a defense."[118]  Defendants cite no legal authority to support their position, and the Court has, likewise, found none.

Moreover, Defendants cannot satisfy the elements of unjust enrichment.  To support a claim for unjust enrichment under Louisiana law, a party must show the following five elements: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and resulting impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) that there is no other remedy at law.[119]  In their Motion, Defendants address only the first four elements of unjust enrichment, asserting that the Government has been enriched by Hamdan's alleged overpayment of his personal income taxes, and that after an offset for any underpayment that may exist, the Government would be enriched by approximately $1.8 million without any justification for keeping the money.[120]

---

[116] R. Doc. 60-1 at p. 21.

[117] *Id.* at pp. 21-22 (citing *Bailey v. United States*, Case No. 122-77, 1997 WL 759654, at *75 (Fed. Cl. Sept. 30, 1997)).

[118] R. Doc. 60-1 at p. 22.

[119] *Richard v. Wal-Mart, Inc.*, 559 F.3d 341 (5th Cir. 2009) (quoting *Minyard v. Curtis Prods., Inc.*, 205 So.2d 422, 432 (La. 1967); *Safeco Ins. Co. v. Farm Bureau Ins. Co.*, 490 So.2d 565, 569 (La. App. 3 Cir. 1986)) (quotation marks omitted); *See JP Mack Industries LLC v. Mosaic Fertilizer, LLC*, 970 F. Supp. 2d 516, 520-21 (E.D. La. 2013) (citing *Carriere v. Bank of Louisiana*, 95-3058 (La. 12/13/96); 702 So.2d 648)) (same).

[120] R. Doc. 60-1 at p. 23.

Although not addressed by Defendants, a taxpayer has a legal remedy available to recover any alleged overpayment of personal income tax. As previously discussed, a taxpayer can bring a civil action for refund under 26 U.S.C. § 7422(a). Additionally, as the Government points out, the "cause" for the alleged enrichment and impoverishment is Hamdan's own actions and tax planning. As recognized by the Fifth Circuit, "while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not, and may not enjoy the benefit of some other route he might have chosen to follow but did not."[121] As such, Defendants' argument regarding unjust enrichment fails.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts 2 Through 72 Of the Indictment; Rule 12(b)[122] is **DENIED.**

New Orleans, Louisiana, May 22, 2020.

**WENDY B. VITTER**
**United States District Judge**

---

[121] *Smith v. C.I.R.*, 65 F.3d 37, 40 (5th Cir. 1995) (quoting *C.I.R. v. National Alfafa Dehydrating and Milling Co.*, 417 U.S. 134, 94 S.Ct. 2129, 40 L.Ed.2d 717 (1974)).
[122] R. Doc. 60.