UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-60-WBV-KWR** |
| **IMAD FAIEZ HAMDAN, ET AL.** | **SECTION: D (4)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss Counts 73 and 74 of the Superseding Indictment Based on Improper And Prejudicial Joinder, filed by defendant, Imad Faiez Hamdan ("Hamdan").[1] The Government opposes the Motion,[2] and Hamdan has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion to Dismiss is **DENIED.**

### I.   BACKGROUND

The defendants in this case, Hamdan and Ziad Odea Mousa ("Mousa"), owned and operated more than 30 food stores, convenience stores, and gas stations that operated under the name "Brothers Food Mart" in the State of Louisiana.[4] Hamdan and Mousa operated all of the locations of Brothers Food Mart under a central management system.[5] On October 10, 2019, the Government filed a 74-Count Superseding Indictment against Hamdan and Mousa.[6] Pertinent to the instant Motion, Hamdan is charged in Counts 73 and 74 with mail fraud, in violation of 18

---

[1] R. Doc. 146.
[2] R. Doc. 168.
[3] R. Doc. 194.
[4] R. Doc. 47 at ¶ 2; R. Doc. 60-1 at p. 2.
[5] R. Doc. 47 at ¶ 3; R. Doc. 60-1 at p. 2.
[6] R. Doc. 47.

1

U.S.C. § 1341.[7] The Government alleges that Hamdan devised a scheme to defraud two workers' compensation insurance companies by mailing them false monthly payroll reports for Brothers Food Mart, which failed to include the total wages paid to undocumented workers and store managers, as it excluded cash payments made to those workers that were recorded outside of the Brothers Food Mart regular payroll system.[8] The Government also alleges that Hamdan submitted false documents to the insurance companies in response to annual audits of Brothers Food Mart's workers' compensation insurance, which included false IRS Forms 941, false IRS Forms 940, and false payroll summaries that failed to report total wages paid to undocumented workers and store managers.[9]

On February 21, 2020, Hamdan filed the instant Motion to Dismiss Counts 73 and 74, seeking dismissal or severance of the counts based upon improper and prejudicial joinder under Fed. R. Crim. P. 8(a) and 14.[10] Hamdan argues that Counts 73 and 74 were improperly joined under Rule 8(a) because there is no factual or evidentiary overlap between the mail fraud charges alleged in Counts 73 and 74, and the tax fraud and harboring of illegal aliens conspiracy charges brought against Hamdan and Mousa in Counts 1 through 72 of the Superseding Indictment.[11] Hamdan asserts that the gravamen of the Superseding Indictment is that Hamdan and Mousa encouraged Brothers Food Mart store managers to employ undocumented

---

[7] *Id.* at ¶¶ 58-69.
[8] *Id.* at ¶¶ 58, 63-65.
[9] *Id.* at ¶ 66.
[10] R. Doc. 146.
[11] *Id.* at p. 1.

workers, and that Hamdan and Mousa concealed them from federal authorities through several means, including not paying taxes on those workers.[12] Hamdan claims that the workers' compensation insurance scheme alleged in Counts 73 and 74 involved both legal and illegal employees and, therefore does not tie-in with the overarching, common scheme described in Counts 1 through 72.[13]

    Hamdan further asserts that the Superseding Indictment should be viewed as containing three parts: (1) the conspiracy to harbor illegal aliens count (Count 1); (2) the tax fraud conspiracy counts (Counts 2-72); and (3) the workers' compensation counts (Counts 73 and 74).[14] While acknowledging that the first two parts "have some connection" and will involve some overlapping evidence and allegations of fact, Hamdan argues that the third part, the workers' compensation counts, have no factual or evidentiary overlap with the first two parts.[15] Regarding the evidence, Hamdan asserts that the payroll reports he allegedly mailed to the workers' compensation insurers, as alleged in Counts 73 and 74, are not relevant to the tax fraud counts, and that any tax documents offered in support of Counts 73 and 74 would not be central to the inquiry for those counts and would be "tangentially related at best."[16] Hamdan also argues that there is no factual overlap between the allegations supporting Counts 73 and 74 and those supporting the tax fraud and the harboring of illegal aliens conspiracy counts, and that Counts 73 and 74 do not allege

---

[12] R. Doc. 146-1 at p. 1.
[13] *Id.* at pp. 1-2.
[14] *Id.* at p. 5.
[15] *Id.* at pp. 5-6.
[16] *Id.* at p. 6.

any offenses of the same or similar character as those alleged in the other counts.[17] Hamdan further claims that there is no factual overlap because the mail fraud offenses alleged in Counts 73 and 74 are not part of the larger scheme to harbor illegal aliens or underreport taxes.[18] Instead, Counts 73 and 74 allege that Hamdan mailed fraudulent payroll reports to Brothers Food Mart's workers' compensation insurers that underreported the wages of both documented and undocumented employees in order to pay lower insurance premiums, not to conceal the workers' identities.[19] Thus, Hamdan contends that the allegations in Counts 73 and 74 are not the same as, and have no connection to, the allegations that make up the remaining counts in the Superseding Indictment.[20]

Alternatively, if the Court finds no improper joinder of Counts 73 and 74 under Fed. R. Crim. P. 8(a), Hamdan asserts that the counts should be severed and tried separately pursuant to Fed. R. Crim. P. 14(a).[21] Hamdan argues "there is no question" that he will be prejudiced if he is forced to stand trial on the mail fraud charges and the unrelated charges of harboring illegal aliens and tax fraud.[22] Hamdan claims that the risk of prejudice is great because the jury might infer that he is guilty of the mail fraud charges solely based on his also being charged with the unrelated offenses of harboring illegal aliens and tax fraud.[23] Hamdan also claims that trying all of the charges together will prejudice Mousa, who is not charged with

---

[17] *Id.* at p. 7.
[18] *Id.* at p. 7 (citing *United States v. Berg*, 714 F.3d 490 (7th Cir. 2013)).
[19] R. Doc. 146-1 at p. 7.
[20] *Id.*
[21] *Id.* at p. 8.
[22] *Id.*
[23] *Id.*

mail fraud in Counts 73 and 74.[24] Because joinder of the mail fraud offenses would prejudice Hamdan and Mousa, Hamdan asserts that the Court should sever the claims under Fed. R. Crim. P. 14(a).

The Government opposes the Motion, asserting that, contrary to Hamdan's assertions, his employment of undocumented workers is the foundation for nearly all of the charges in the Superseding Indictment.[25] The Government claims that Hamdan and Mousa have employed a sizable undocumented work force at Brothers Food Mart stores for years, and have endeavored to hide their existence at every turn. The Government alleges that Hamdan and Mousa did not maintain comprehensive employee records of undocumented workers, did not require undocumented workers to complete employment applications or IRS Forms I-9 (which are required to verify employees' employment authorization status), did not run the workers' identities through the E-Verify system, and did not include undocumented workers in their payroll system.[26] The Government alleges that Hamdan and Mousa maintained a second set of books, outside of the Brothers Food Mart general payroll system, to track cash wages paid to undocumented workers.[27] Thus, the Government argues that the mail fraud offenses alleged in Counts 73 and 74 are based on the same conduct that gave rise to the immigration and tax offenses charged in Counts 1 through 72 of the Superseding Indictment.[28]

---

[24] *Id.* (citing *United States v. Erwin*, 793 F.2d 656, 666 (5th Cir. 1986)).
[25] R. Doc. 168 at p. 1.
[26] *Id.*
[27] *Id.* at pp. 1-2.
[28] *Id.* at p. 2.

The Government asserts that Fed. R. Crim. P. 8(a) allows the joinder of offenses that are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or part of a common scheme or plan.[29] The Government claims that Rule 8(a) is to be construed liberally to favor joinder,[30] and that the "transaction" requirement of Rule 8 is flexible and may consist of a series of many occurrences.[31] The Government argues that Counts 73 and 74 were properly joined in the Superseding Indictment under Rule 8(a) because the mail fraud offenses are part of the overall scheme of Hamdan and Mousa to harbor undocumented workers and fail to accurately account for employment taxes.[32] The Government also argues that joinder is proper because the same cash wages paid to undocumented workers, which concealed the workers from the Government, as alleged in Count 1, and were excluded from quarterly employment tax returns, as alleged in Count 2, were also omitted from the total wages reported to the workers' compensation insurance companies, as alleged in Counts 73 and 74.[33] The Government asserts that there will be a significant amount of overlapping evidence in proving all of the crimes charged in the Superseding Indictment because Hamdan failed to report cash wages paid to both legal and undocumented workers to the IRS, the Department of Homeland Security ("DHS"), and the workers' compensation insurance companies.[34] Due to the significant overlapping evidence, the Government claims that Hamdan

---

[29] *Id.* (*citing* Fed. R. Crim. P. 8(a); *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006)).
[30] R. Doc. 168 at p. 2 (citing *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)).
[31] R. Doc. 168 at p. 2 (citing *United States v. Butler*, 429 F.3d 140, 146-47 (5th Cir. 2005)).
[32] R. Doc. 168 at p. 3.
[33] *Id.*
[34] *Id.*

will not suffer any improper prejudice from proceeding to trial on all 74 Counts of the Superseding Indictment.

The Government further asserts that, if the Court determines that there may be potential improper prejudice to Hamdan as a result of the mail fraud charges, the proper remedy is not to dismiss the charges, but, instead, to give a limiting instruction to the jury.[35] However, the Government maintains that an instruction is unnecessary here because "the same admissible evidence pervades all of the charged crimes."[36] For the same reasons, the Government argues that there is no prejudice against Mousa as co-defendant at trial where he is not charged with mail fraud.[37] The Government claims that the most significant, and therefore prejudicial, evidence presented at trial will likely be the employment of undocumented workers by Brothers Food Mart. Mousa is charged with conspiring to harbor those undocumented workers and conspiring to defraud the Government regarding employment taxes for those workers and willfully failing to account for employment taxes to the IRS.[38] The Government argues that Mousa is unlikely to suffer any additional undue prejudice because it is "hardly unexpected" that Hamdan also misrepresented his companies' cash payroll to an insurance company.[39] The Government asserts that judicial economy is best served by trying Hamdan and Mousa together, as the employment of undocumented workers is an act they

---

[35] R. Doc. 168 at p. 4.
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] *Id.*

undertook together. As such, the Government argues the Motion to Dismiss Counts 73 and 74 should be denied.

In response, Hamdan argues that the Government's Opposition brief perfectly illustrates the danger that Fed. R. Crim. P. 14(a) is intended to avoid, namely that the jury will naturally conclude that he committed mail fraud after viewing evidence of the illegal harboring and tax fraud conspiracies.[40] Hamdan asserts that the Government's Opposition fails to show a sufficient connection between the alleged conspiracies to harbor illegal aliens and commit tax fraud, on the one hand, and the alleged mail fraud involving workers' compensation insurance, on the other hand. Hamdan claims that one minor factual overlap – that all of the charges allegedly involve the hiding of cash payments made to undocumented workers – is not sufficient to overcome the many differences between the charges, such as temporal proximity, objectives and key players.[41] Hamdan claims that the workers' compensation insurance scheme will require its own unique set of witnesses and exhibits, which will substantially increase the duration and complexity of an already complex trial.[42] Hamdan maintains that the mail fraud offenses in Counts 73 and 74 of the Superseding Indictment are unrelated to, and should be severed from, the tax fraud and illegal harboring of aliens conspiracies to avoid potential prejudice to both Hamdan and Mousa.[43]

---

[40] R. Doc. 194 at p. 1.
[41] *Id.* at p. 2.
[42] *Id.*
[43] *Id.* at pp. 2-7.

## II.    LEGAL STANDARD

Although styled as a Motion to Dismiss, it is clear from Hamdan's briefing that he is asking the Court for "Counts 73 and 74 [to] be severed from this case and tried separately."[44] In the Memorandum In Support of Motion to Dismiss, Hamdan even refers to the Motion as "his Motion to Sever," and asks the Court to, "issue an Order severing from this matter the charges against him related to the alleged worker's [sic] compensation insurance scheme that are set forth in Counts 73 and 74 of the Superseding Indictment, so that these counts may be tried separately and apart from the instant case."[45] In his Reply brief, Hamdan similarly asserts that, "severance is warranted under both Rule 14(a) and Rule 8(a),"[46] and addresses only severance of Counts 73 and 74, as evidenced by the headings used in the brief.[47] Thus, the Court will treat the Motion to Dismiss as a motion to sever Counts 73 and 74.

"Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of multiple offenses and defendants in the same indictment."[48] Rule 8(a) allows an indictment to charge one defendant with multiple offenses if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[49] The Fifth Circuit has held that the meaning of "transaction" is flexible, and "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as

---

[44] R. Doc. 146 at p. 1; *See* R. Doc. 146-1 at p. 8.
[45] R. Doc. 146-1 at p. 9.
[46] R. Doc. 194 at p. 2.
[47] *Id.* at pp. 2 & 6.
[48] *United States v. Howard*, Civ. A. No. 12-01, 2015 WL 6669162, at *1 (E.D. La. Nov. 2, 2015).
[49] Fed. R. Crim. P. 8(a).

upon their logical relationship."[50]  The propriety of joinder of offenses under Rule 8 is determined from the face of the allegations in the indictment.[51]  The Fifth Circuit broadly construes Rule 8(a) in favor of initial joinder of offenses,[52] and has instructed that, "Joinder of charges is the rule rather than the exception."[53]

"Rule 14 of the Federal Rules of Criminal Procedure recognizes the possibility that defendants who are properly joined under Rule 8 may nonetheless be unfairly prejudiced."[54]  Rule 14 provides, in pertinent part, that, "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."[55]  "It is the resounding preference of federal courts, however, to jointly try defendants who are indicted together."[56]  According to the Fifth Circuit, "joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'"[57]  "It is the rule, therefore, not the exception, that 'persons indicted together should be tried together, especially in conspiracy cases.'"[58]

---

[50] *United States v. Butler*, 429 F.3d 140, 146-47 (5th Cir. 2005) (quoting *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990)).
[51] *Howard*, Civ. A. No. 12-01, 2015 WL 6669162 at *1 (citing *Butler*, 429 F.3d at 146).
[52] *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006) (citing *Butler*, 429 F.3d at 146-47; *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)).
[53] *Bullock*, 71 F.3d at 174.
[54] *Howard*, Civ. A. No. 12-01, 2015 WL 6669162 at *2.
[55] Fed. R. Crim. P. 14(a).
[56] *Howard*, Civ. A. No. 12-01, 2015 WL 6669162 at *2 (citing *Zafiro v. United States*, 506 U.S. 534, 537, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)).
[57] *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (quoting *Zafiro*, 506 U.S. at 537, 113 S.Ct. 933).
[58] *McRae*, 702 F.3d at 821 (quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)).

The Fifth Circuit has cautioned that, "Severance should be granted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"[59] This Court has wide discretion in determining whether severance is appropriate.[60] "The denial of a severance motion will be reversed only for abuse of discretion, upon a showing of specific and compelling prejudice."[61] "[C]ompelling prejudice is not shown if it appears that, through use of cautionary instructions, the jury could reasonably separate the evidence and render impartial verdicts as to each defendant."[62] Further, "In ruling on a motion to sever, the court must weigh any prejudice the defendants might suffer against the government's interest in the judicial economy of a joint trial."[63] The Fifth Circuit has also instructed courts to consider whether some defendants may be unduly prejudiced by harmful "spill-over" of evidence against other defendants.[64] However, "A spillover effect, by itself, is an insufficient predicate for a motion to sever."[65]

### III. ANALYSIS

#### A. Counts 73 and 74 were properly joined with the remaining counts of the Superseding Indictment under Fed. R. Crim. P. 8(a), and severance is not warranted under Fed. R. Crim. P. 14(a).

Relying upon Fed. R. Crim. P. 8(a), Hamdan argues that Counts 73 and 74 of the Superseding Indictment, the mail fraud offenses, were improperly joined with the

---

[59] *Brown v. Dretke*, 419 F.3d 365, 372 (5th Cir. 2005) (quoting *Zafiro*, 506 U.S. at 539, 113 S.Ct. 933).
[60] *Zafiro*, 506 U.S. at 537, 113 S.Ct. 933.
[61] *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986).
[62] *Erwin*, 793 F.2d at 665 (citing *United States v. Bolts*, 558 F.2d 316, 322-23 (5th Cir. 1977)).
[63] *Erwin*, 793 F.2d at 665 (citing *United States v. Staller*, 616 F.2d 1284, 1294 (5th Cir. 1980)).
[64] *Erwin*, 793 F.2d at 665 (citation omitted).
[65] *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002).

tax fraud and illegal harboring of aliens conspiracy offenses because the mail fraud offenses: (1) are not of the same or similar character as the others; (2) are not based on the same acts or transactions as the others; and (3) are not part of the same scheme or plan as the others.  Throughout his briefs, Hamdan repeatedly asserts that the mail fraud offenses are completely unrelated to the tax fraud and illegal harboring of aliens offenses, and that there is no factual or evidentiary overlap between the mail fraud offenses and the other offenses.  The Court resoundingly disagrees.

The Court agrees with the Government [66] that the mail fraud offenses in Counts 73 and 74 are based, in large part, upon the same conduct that gave rise to the tax fraud and illegal harboring of aliens conspiracies charged in Counts 1 through 72 of the Superseding Indictment.  A review of the allegations in the Superseding Indictment makes this abundantly clear, as <u>every</u> single count concerns the cash wages paid by Brothers Food Mart to undocumented workers, which were recorded in a separate set of books outside of the Brothers Food Mart general payroll system. [67] Count 1 of the Superseding Indictment charges Hamdan and Mousa with conspiracy to harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(I) and 8 U.S.C. § 1324(a)(1)(B)(i). [68]  The Government alleges in Count 1 that Hamdan and Mousa harbored illegal aliens by employing undocumented workers at Brothers Food Mart locations and directing store managers to pay them in cash and to record the

---

[66] *See* R. Doc. 168.
[67] R. Doc. 47 at ¶¶ 32-33, 43, 46-49, 54, 56, 58, 63-66.
[68] *Id.* at ¶¶ 23-39.

cash payments in a separate set of books, outside of the Brothers Food Mart regular payroll system.[69]

Hamdan and Mousa are charged in Count 2 with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, for causing Brothers Food Mart to file false IRS Form 941s, to issue false W-2 Forms to store managers, and to not issue W-2 Forms to undocumented workers.[70] The Government alleges in Count 2 that the fraud resulted from Hamdan and Mousa underreporting the wages paid to employees, including store managers and undocumented workers, and not reporting the cash wages paid to those employees that were recorded outside of the Brothers Food Mart regular payroll system.[71] In Counts 3 through 50, Mousa and Hamdan are charged with failure to withhold, account for, and pay over to the IRS trust fund taxes owed on behalf of the employees of certain Brothers Food Mart entities, in violation of 26 U.S.C. § 7202.[72] Mousa and Hamdan are charged in Counts 51 through 72 with aiding and assisting the preparation and presentation of false tax returns, in violation of 26 U.S.C. § 7206(2).[73] Like Count 2, the Government alleges that the offenses charged in Counts 3 through 50 and in Counts 51 through 72 are based upon Hamdan and Mousa underreporting the wages paid to store managers and undocumented workers, and failing to report the cash wages paid to these employees that were not recorded in the Brothers Food Mart regular payroll system.[74] Finally,

---

[69] *Id.* at ¶¶ 25-39.
[70] *Id.* at ¶¶ 40-53.
[71] *Id.*
[72] *Id.* at ¶¶ 54-55.
[73] *Id.* at ¶¶ 56-57.
[74] *Id.* at ¶¶ 54 & 56.

Hamdan is charged in Counts 73 and 74 with mail fraud, in violation of 18 U.S.C. § 1341, for mailing false monthly payroll reports for Brothers Food Mart to its workers' compensation insurers.[75] In Counts 73 and 74, the Government alleges that the monthly payroll reports failed to include the cash payments made to undocumented workers and store managers, which were recorded outside of the regular payroll system.[76]

Despite Hamdan's assertions to the contrary, it is abundantly clear to the Court that all of the offenses charged in the Superseding Indictment arise, at least in part, out of the same alleged conduct – namely, Hamdan and Mousa directing Brothers Food Mart to pay store managers and undocumented workers in cash and to record those payments in a separate set of books, outside of the Brothers Food Mart regular payroll system. As the Government points out, the same cash wages paid to the undocumented workers and store managers, which were recorded in a separate set of books outside of the Brothers Food Mart regular payroll system, were the means by which Hamdan and Mousa allegedly attempted to harbor illegal aliens and commit tax fraud. Those cash wages were also the means by which Hamdan allegedly committed mail fraud and attempted to defraud Brothers Food Mart's workers' compensation insurers. As such, the Court agrees with the Government that there will be a substantial overlap in the evidence that the Government will present at trial to support all of the offenses alleged in the Superseding Indictment. Additionally, in light of the Fifth Circuit's instruction to liberally construe the term "transaction" in

---

[75] *Id.* at ¶¶ 58-69.
[76] *Id.* at ¶¶ 58, 63-66.

Fed. R. Crim. P. 8(a)[77] and to construe Rule 8(a) broadly in favor of initial joinder of offenses,[78] the Court finds that Counts 73 and 74 were properly joined because the mail fraud offenses are based on the same acts or transactions that form the basis of the offenses alleged in Counts 1 through 72. Although Count 2 and Counts 51 through 72 of the Superseding Indictment arise from the cash wages paid to both undocumented workers and store managers, it is evident to the Court that there will still be a significant amount of overlapping evidence and overlapping factual allegations for all of the crimes charged in the Superseding Indictment. Accordingly, the Court finds that Counts 73 and 74 were properly joined with the other offenses charged in the Superseding Indictment under Fed. R. Crim. P. 8(a).

Further, Hamdan bears a heavy burden to demonstrate that the denial of severance would cause "specific and compelling prejudice."[79] Hamdan has not met this burden. Hamdan complains that he will be prejudiced due to the "spillover effect," and that the jury will infer that he intentionally failed to report the cash wages paid to undocumented workers and store managers to the workers' compensation insurers after viewing evidence that he and Mousa concealed these wages from the Government for tax purposes.[80] Hamdan likewise argues that the "spillover effect" will impact and prejudice his co-defendant, Mousa, who is not charged with mail fraud in Counts 73 and 74.[81] The Fifth Circuit has made clear,

---

[77] *United States v. Butler*, 429 F.3d 140, 146-47 (5th Cir. 2005) (quoting *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990)).
[78] *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006) (citing *Butler*, 429 F.3d at 146-47; *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)).
[79] *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986).
[80] R. Doc. 194 at pp. 3-4.
[81] *Id*. at pp. 5-6.

however, that, "A spillover effect, by itself, is an insufficient predicate for a motion to sever."[82] Thus, this Court finds Hamdan's spillover arguments unconvincing.[83] The Court further finds that Hamdan has made no showing of "specific and compelling prejudice,"[84] which would warrant severance of Counts 73 and 74 from the remaining counts in the Superseding Indictment. Finally, the Court finds that less drastic measures, including a limiting jury instruction, can cure any risk of unfair prejudice to Hamdan.[85]

Based on the foregoing, the Court finds that Hamdan will not suffer any unfair prejudice by the joinder of Counts 73 and 74 with the remaining counts of the Superseding Indictment, and that severance is not warranted under Fed. R. Crim. P. 14(a). Hamdan's Motion to Dismiss Counts 73 and 74 of the Superseding Indictment Based On Improper and Prejudicial Joinder must, therefore, be denied.

### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Dismiss Counts 73 and 74 Based On Improper and Prejudicial Joinder, filed by Imad Faiez Hamdan,[86] is **DENIED.**

New Orleans, Louisiana, July 15, 2020.

**WENDY B. VITTER**
**United States District Judge**

---

[82] *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002).
[83] *Id.*
[84] *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986).
[85] *See Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993); *United States v. Daniels,* 281 F.3d 168, 177 (5th Cir. 2002).
[86] R. Doc. 146.